IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **TROY ESPY and ERIC CORNELLE,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. _____ |
| **SAVANNAH RESTAURANT ASSOCIATES, INC., d/b/a Belford's Seafood and Steaks; KEVIN MCPHERSON; MARCIE HILL; and KEVIN HILL,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiffs Troy Espy and Eric Cornelle herein assert claims against Defendants Savannah Restaurant Associates, Inc., d/b/a Belford's Seafood and Steaks; Kevin McPherson; Marcie Hill; and Kevin Hill, for unpaid minimum wages and improper retention of employee tips, showing the Court as follows:

### INTRODUCTION

1.     In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq*., Plaintiffs seek to recover unpaid minimum wages, reimbursement of improperly retained tips, liquidated damages, and attorney's fees and costs arising from their employment as servers at Defendants' Savannah, Georgia, restaurant, Belford's Seafood and Steaks.

### JURISDICTION AND VENUE

2.     The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

3.     Defendant Savannah Restaurant Associates, Inc., is a domestic corporation with its principal place of business in Savannah, Georgia.

4.     Savannah Restaurant Associates, Inc., may be served with process via service on its registered agent for service, Marcie B Hill, at 219 W. Bryan Street, Suite 207, Savannah, GA 31401.

5.     This Court has personal jurisdiction over Savannah Restaurant Associates, Inc.

6.     Defendant Kevin McPherson is a natural person and resident of Georgia.

7.     Kevin McPherson may be served with process at his residence in Chatham County, Georgia, or wherever he may be found.

8.     This Court has personal jurisdiction over Kevin McPherson.

9.     Defendant Marcie Hill is a natural person and resident of Georgia.

10.     Marcie Hill may be served with process at her residence in Chatham County, Georgia, or wherever she may be found.

11.     This Court has personal jurisdiction over Marcie Hill.

12.     Defendant Kevin Hill is a natural person and resident of Georgia.

13.     Kevin Hill may be served with process at his residence in Chatham County, Georgia, or wherever he may be found.

14.     This Court has personal jurisdiction over Kevin Hill.

15.     Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and all Defendants reside in this judicial district.

**EMPLOYMENT RELATIONSHIP**

16.     Defendants owns and operate a fine dining restaurant in Savannah, Georgia.

17.     Plaintiff Espy worked for Defendants as a server from approximately early October through December 31, 2022.

18.     At all relevant times, Plaintiff Espy was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) as a matter of economic reality.

19.     Plaintiff Cornelle worked for Defendants as a server from approximately September 20, 2022 through October 25, 2022.

20.     At all relevant times, Plaintiff Cornelle was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) as a matter of economic reality.

**INDIVIDUAL EMPLOYERS UNDER THE FLSA**

21.     At all relevant times, Defendant Kevin McPherson has acted directly or indirectly in the interest of Savannah Restaurant Associates, Inc. in relation to Plaintiffs, and had significant control over the terms and conditions of Plaintiffs' employment.

22.     Specifically, McPherson is a member of Savannah Restaurant Associates, Inc., and at all relevant times was an owner of Belford's Seafood and Steaks.

23.     At all relevant times, McPherson has had authority and exercised control over the finances and operations of Belford's Seafood and Steaks.

24.     At all relevant times, McPherson had authority and control over the common policy of permitting the restaurant to retain 3% of the tips of Plaintiffs and other tipped employees that were paid by credit or debit card.

25.     At all relevant times, McPherson has been an "employer" within the meaning of 29 U.S.C. § 203(d).

26.   At all relevant times, Defendant Marcie Hill has acted directly or indirectly in the interest of Savannah Restaurant Associates, Inc. in relation to Plaintiffs, and had significant control over the terms and conditions of Plaintiffs' employment.

27.   Specifically, Marcie Hill is a member of and registered agent for Savannah Restaurant Associates, Inc., and at all relevant times was an owner of Belford's Seafood and Steaks.

28.   At all relevant times, Marcie Hill has had authority and exercised control over the finances and operations of Belford's Seafood and Steaks.

29.   At all relevant times, Marcie Hill had authority and control over the common policy of permitting the restaurant to retain 3% of the tips of Plaintiffs and other tipped employees that were paid by credit or debit card.

30.   At all relevant times, Marcie Hill has been an "employer" within the meaning of 29 U.S.C. § 203(d).

31.   At all relevant times, Defendant Kevin Hill has acted directly or indirectly in the interest of Savannah Restaurant Associates, Inc. in relation to Plaintiffs, and had significant control over the terms and conditions of Plaintiffs' employment.

32.   Specifically, Kevin Hill is a member of Savannah Restaurant Associates, Inc., and at all relevant times was an owner of Belford's Seafood and Steaks.

33.   At all relevant times, Kevin Hill has had authority and exercised control over the finances and operations of Belford's Seafood and Steaks.

34.   At all relevant times, Kevin Hill had authority and control over the common policy of permitting the restaurant to retain 3% of the tips of Plaintiffs and other tipped employees that were paid by credit or debit card.

35.     At all relevant times, Kevin Hill has been an "employer" within the meaning of 29 U.S.C. § 203(d).

**ENTERPRISE COVERAGE UNDER THE FLSA**

36.     At all relevant times, Belford's Seafood and Steaks had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

37.     At all relevant times, Belford's Seafood and Steaks had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.     At all relevant times, Belford's Seafood and Steaks was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**GENERAL FACTUAL BACKGROUND**

39.     Throughout their employment, Plaintiffs worked for Defendants at the rate of $2.13 an hour.

40.     Throughout their employment, Plaintiffs were required to kickback to the restaurant 3% of their tips received by credit or debit card payment.

41.     At all relevant times, Defendants' actual expenses incurred as a result of processing Plaintiffs' tips received by credit or debit card payment were substantially lower than 3%.

42.     At all relevant times, Defendants' actual expenses incurred as a result of processing the aggregate tips of all tipped employees at Belford's Seafood and Steaks received by credit or debit card payment were substantially lower than 3%.

43.     At all relevant times, 3% was not a reasonable estimate of Defendants' actual expenses incurred as a result of processing Plaintiffs' tips received by credit or debit card payment.

44.     At all relevant times, 3% was not a reasonable estimate of Defendants' actual expenses incurred as a result of processing the aggregate tips of all tipped employees at Belford's Seafood and Steaks received by credit or debit card payment.

45.     Because Plaintiffs were not permitted to retain all of their tips, Defendants were not permitted to offset any portion of Plaintiffs' minimum wages pursuant to 29 U.S.C. § 203(m) on account of his tips received.

46.     Defendants have failed to compensate Plaintiffs at or above the federal minimum wage of $7.25 per hour in each workweek throughout the entirety of Plaintiffs' employment.

## COUNT I
### FAILURE TO PAY MINIMUM WAGES PURSUANT TO 29 U.S.C. § 206

47.     At all relevant times, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

48.     At all relevant times, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the federal minimum wage.

49.     Defendants are liable to Plaintiffs for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to 29 U.S.C. § 216(b).

50.     Plaintiffs are entitled to recover liquidated damages in an amount equal to their unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

51.     As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### IMPROPER TIP RETENTION PURSUANT TO 29 U.S.C. § 203(M)(2)(B)

52.     At all relevant times Plaintiffs were employees of Defendants covered by the FLSA and entitled to the tip protections set forth in 29 U.S.C. § 203(m)(2)(B).

53.     At all relevant times, Defendants retained a portion of Plaintiffs' tips each shift that they worked.

54.     Defendant's retention of a portion of Plaintiffs' tips violated the prohibition on employer retention of tips set forth in 29 U.S.C. § 203(m)(2)(B).

55.     Plaintiffs are entitled to recover tips that Defendants improperly retained.

56.     Plaintiffs are entitled to recover liquidated damages in an amount equal to their improperly retained tips pursuant to 29 U.S.C. § 216(b).

57.     As a result of the improper tip retention as alleged above, Defendants are liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray that the Court:

(a)     Take jurisdiction of this matter;

(b)     Grant a trial by jury as to all matters properly triable to a jury;

(c)     Issue a judgment declaring that Plaintiffs are employees covered by the FLSA, and that Defendants failed to comply with the minimum wage requirements of the FLSA;

(d)     Award Plaintiffs their unpaid minimum wages and reimbursement of their tips improperly retained by Defendants;

(e)     Award Plaintiffs liquidated damages in an amount equal to their unpaid minimum wages and tips improperly retained by Defendants;

(f)     Award Plaintiffs their costs of litigation including reasonable attorney's fees pursuant to

        29 U.S.C. § 216(b); and

(g)     Award any and such other further relief this Court deems just and proper.

Dated: January 25, 2023

                                        **DELONG, CALDWELL, BRIDGERS,
                                        FITZPATRICK & BENJAMIN, LLC**

                                        _s/ Matthew W. Herrington_
101 Marietta Street NW                  Matthew W. Herrington
Suite 2650                              Georgia Bar No. 275411
Atlanta, Georgia 30303
(404) 979-3150                          Counsel for Plaintiffs
(404) 979-3170 (f)
matthew.herrington@dcbflegal.com