IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TROY ESPY and ERIC CORNELLE,       )
                                    )
       Plaintiffs,                  )
                                    )
v.                                  )    CASE NO. CV423-023
                                    )
SAVANNAH RESTAURANT ASSOCIATES,     )
INC., doing business as             )
Belford's Seafood and Steaks;       )
KEVIN MCPHERSON; MARCIE HILL;       )
and KEVIN HILL;                     )
                                    )
       Defendants.                  )
                                    )

## O R D E R

Before the Court is Plaintiffs Troy Espy and Eric Cornelle and Defendants Savannah Restaurant Associates, LLC,[1] Kevin McPherson, and Marcie Hill's Joint Motion and Memorandum to Approve Dismissal with Prejudice. (Doc. 20.) This action arises from Plaintiffs' claims concerning Defendants' alleged violations of the Fair Labor Standards Act ("FLSA"). (Doc. 1.) The Court denied the parties' previous Joint Stipulation of Dismissal. (Doc. 19.) For the following reasons, the parties' joint motion to approve dismissal with prejudice (Doc. 20) is **GRANTED**.

The Eleventh Circuit Court of Appeals has recognized two procedures for employees to settle or otherwise compromise FLSA

---

[1] Defendants clarify that Savannah Restaurant Associates is a LLC, and there is no Kevin Hill. (Doc. 20 at 1, 1 n.1.)

claims. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). First, the Secretary of Labor is authorized under 29 U.S.C. § 216(c) to oversee an employer's payment of wages owed to employees. Id. at 1353. Second, an employee can settle FLSA claims that are part of a lawsuit brought by the employee against the employer pursuant to 29 U.S.C. § 216(b). Id. Under this method, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. (citations omitted). The settlement can cover back wages, unpaid overtime, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354.

Courts consider several factors in determining whether the FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of . . . counsel[.]

Leverso v. SouthTrust Bank of Ala., Nat'l Assoc., 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); Giagnacovo v. Covanta Env't Sols., LLC, No. CV 119-066, 2020 WL 1974400, at *2 (S.D. Ga. Apr. 24, 2020).

In this case, Plaintiffs filed suit and are represented by counsel, which provides some indication that a true conflict exists between Plaintiffs and Defendants. Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013); Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *1 (S.D. Ga. July 8, 2021) (finding a bona fide dispute over FLSA provisions). Initially, the parties filed a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), arguing that dismissal did not require Court approval under Lynn's Food Stores because the dismissal was not the product of a settlement or compromise. (Doc. 18.) However, considering that a dismissal with prejudice could undermine the purpose of the FLSA, the Court rejected the stipulation without further explanation. (Doc. 19 at 3.)

In the instant motion, the parties now explain why a dismissal with prejudice is a fair and reasonable resolution of the dispute. Cf. Perez-Nunez v. N. Broward Hosp. Dist., 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009) ("Given a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute."). Plaintiffs explain how they allege in their

3

complaint that Defendant improperly withheld three percent of their tips paid by credit card to cover Plaintiffs' pro rata portion of credit card transaction fees. (Doc. 20 at 2.) The parties then outline how "Defendants shared significant financial data demonstrating that the actual credit card transaction fees attributable to Plaintiffs' credit card tips during their employment with Savannah Restaurant Associates, LLC was [three percent] or greater." (Id. at 3.) Upon review of the data, Plaintiffs determined "they were likely incorrect as to the reasonableness of amounts withheld for at least a large number of workweeks at issue[,]" and their claims did "not have sufficient factual basis to justify proceeding with further litigation." (Id. at 4.) Plaintiffs have not paid their counsel any attorney's fees, and there is no proposed settlement and release agreement. (Id.)

Given this explanation, the Court can now determine that a dismissal with prejudice is a fair and reasonable resolution of this dispute. Accordingly, the parties' motion (Doc. 20) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 27th day of July 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4